UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUANJA EDWARD ANDERSON, | No. 2:18-cv-1216 JAM KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| C. ROSE, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, and is presently housed at the California Medical Facility ("CMF"). Defendant Rose filed a motion to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). As discussed below, the undersigned finds that plaintiff has sustained three strikes under § 1915(g). Because plaintiff has not demonstrated that he faced imminent danger of serious physical injury at the time he filed this action, the undersigned recommends that defendant's motion be granted, plaintiff's in forma pauperis status be revoked, and plaintiff be required to pay the filing fee.

II. Background

Plaintiff alleges that while he was housed at CMF on or about December 26, 2017, plaintiff received an order dismissing plaintiff's ADA claims from the Eastern District of California based on plaintiff's failure to object to findings and recommendations. (ECF No. 1 at

1

3.) Plaintiff alleges that he was unable to respond to any findings and recommendations because defendants C. Rose and John Doe failed to issue plaintiff's legal mail to plaintiff. Plaintiff states that in addition to the dismissal of his case, he sustained a loss of $500.00 in copying, postage and filing fees, as well as mental anguish. His complaint was filed on May 14, 2018, while plaintiff was housed at the California Health Care Facility ("CHCF") in Stockton.

On November 6, 2018, the court found that the complaint stated a potentially cognizable claim alleging interference with plaintiff's access to the courts by defendant Rose.

On May 3, 2019, defendant Rose filed the motion to revoke plaintiff's in forma pauperis status. Plaintiff filed an opposition, and defendant filed a reply.

III. Motion to Revoke In Forma Pauperis Status

A. In Forma Pauperis Statute

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes" rule was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189

////

(9th Cir. 2015) (prisoner may also be required to demonstrate imminent danger at the time the notice of appeal is filed); Andrews v. Cervantes, 493 F.3d at 1055.

B. Three Strikes?

Defendant relies on the following three cases previously filed by plaintiff:

1. Anderson v. Sanchez, No. 3:15-cv-0731 MEJ (N.D. Cal.). On May 12, 2015, this action was dismissed for failure to state a claim.

2. Anderson v. Reyes, No. 3:15-cv-3340 VC (PR) (N.D. Cal.). On August 13, 2015, this action was dismissed for failure to state a claim.

3. Anderson v. California State Prison, Los Angeles, No. 72545 JO GJS (C.D. Cal.). On October 31, 2016, the court recommended that plaintiff be denied leave to proceed in forma pauperis because the complaint was frivolous, malicious, or failed to state a cognizable civil rights claim, and plaintiff was granted thirty days' leave to amend. Plaintiff failed to file a timely amended complaint; on December 12, 2016, plaintiff was denied leave to proceed in forma pauperis, and his action was terminated.

Defendant argues that the above three cases count as strikes because each was dismissed for failure to state a claim upon which relief may be granted, meeting the definition of a strike under 28 U.S.C. § 1915(g). Plaintiff does not dispute that the first two cases from the Northern District constitute strikes but contends that the third case filed in the Central District should not be counted as a strike because on December 4, 2019, he gave prison staff an amended complaint to process and mail for filing in such action, but it was not filed. Defendant responds that plaintiff did not timely seek leave to amend, and that he fails to provide any facts demonstrating that he could have filed an amended complaint that stated a cognizable civil rights claim.

Because the thirty-day deadline expired on a Saturday, November 30, 2016, plaintiff had until December 2, 2016, in which to submit his amended complaint to prison staff for mailing to the Central District. Here, plaintiff claims he gave the pleading to prison staff for processing on December 4, 2016. As such, his filing was untimely. Moreover, plaintiff fails to explain how he amended his claims to state a cognizable civil rights claim. Plaintiff claims he no longer has any information on this "argument" because the institution lost a large container of his property, and

his appeal challenging such loss is still pending at the second level of administrative review. However, the attachments to the instant motion included copies of the orders issued by the Central District, including a recitation of plaintiff's allegations in the complaint. (ECF No. 27-2 at 37-38.) Such copies should have been sufficient to refresh plaintiff's recollection as to his allegations and how he intended to amend to state a cognizable claim. Moreover, the docket reflects that plaintiff's address was current, no mail was returned, yet he failed to object or respond to the December 12, 2016 order dismissing the case in the Central District. (ECF No. 27-2 at 33.) It appears he either lost interest or decided not to prosecute such action.[1]

In any event, the Ninth Circuit has held that "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017). Indeed, the court stated:

> Harris argues that his dismissals should not count as strikes because, in granting leave to amend in three of the four cases, the district court stated that his complaints might have been saved by amendment. But it does not matter whether Harris might have stated a claim. What matters is that he did not do so.

Harris, 863 F.3d at 1142. "A prisoner may not avoid incurring strikes simply by declining to take advantage of these opportunities to amend." Id. at 1143. Here, plaintiff failed to file an amended complaint in the Central District action and, after the case was dismissed, plaintiff did not object, file a motion for reconsideration, or seek to set aside the dismissal in the Central District. Thus, plaintiff may not avoid incurring a strike by belatedly raising such objection some two and a half years later.

For all of the above reasons, the undersigned is persuaded that plaintiff's Central District case dismissal counts as a § 1915(g) strike.

////

---

[1] Plaintiff has had at least two cases in this district dismissed based on his failure to prosecute. Anderson v. CDCR, No. 2:16-cv-1644 JAM CMK (E.D. Dec. 20, 2017), dismissal for lack of prosecution and failure to follow court rules; and Anderson v. Mohammad, No. 2:16-cv-1704 AC (E.D. Cal. Dec. 19, 2016), dismissal for lack of prosecution. Such dismissals do not count as strikes under § 1915(g).

4

Accordingly, the undersigned finds that plaintiff is subject to a three strikes bar under 28 U.S.C. § 1915(g) because the three cases set forth above constitute strikes under § 1915(g), and all three dismissals were entered before plaintiff filed this action. Thus, unless plaintiff can demonstrate he was facing imminent danger of serious physical injury at the time he filed his complaint, plaintiff's in forma pauperis status should be revoked.

    C. Imminent Danger?

        1. Legal Standards - "Imminent Danger"

Because plaintiff has sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced "at the time the complaint was filed," not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.

        2. Discussion

In his opposition, plaintiff does not argue that he faced an imminent risk of physical danger at the time he filed the instant action. At the time plaintiff filed this complaint in 2018, plaintiff was raising an access to the courts claim that took place on December 26, 2017, while he was housed at CMF, but plaintiff had since been transferred to CHCF. Plaintiff included no allegations that he faced an imminent threat of serious physical injury at that time.

Therefore, the undersigned finds that plaintiff has failed to allege an imminent threat of serious physical injury that was present when he filed this action.

IV. Conclusion

    Accordingly, IT IS HEREBY RECOMMENDED that:

    1. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 27) be granted;

    2. Plaintiff's in forma pauperis status (ECF No. 11) be revoked; and

3. Plaintiff be ordered to pay the $400.00 filing fee within twenty-one days from the date the district court adopts the instant findings and recommendations. Failure to timely pay the filing fee will result in the dismissal of this action;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 29, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ande1216.mtd.1915(g)

6