1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TUANJA EDWARD ANDERSON,                    No.  2:18-cv-1216 JAM KJN P

12                   Plaintiff,

13         v.                                   ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   C. ROSE, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel.  On October 4, 2019, the district

18   court revoked plaintiff's in forma pauperis status and ordered plaintiff to pay the $400.00 filing

19   fee within 21 days.  Such deadline has now passed, and plaintiff has not paid the filing fee.

20   Therefore, this action should be dismissed based on plaintiff's failure to comply with the court's

21   order.  Fed. R. Civ. P. 41(b).

22         On October 17, 2019, plaintiff filed a request that he not be charged for the court's filing

23   fee in light of the district court's order revoking plaintiff's in forma pauperis status, and seeks a

24   refund of the $5.00 paid to date.

25         All parties instituting any civil action, suit or proceeding in a district court of the United

26   States, except an application for writ of habeas corpus, are required to pay a filing fee of $400.[1]

27   _____

28   [1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of
     $50.  See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

1  See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire

2  fee only if he is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). See

3  Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176,

4  1177 (9th Cir. 1999). However, a prisoner granted leave to proceed in forma pauperis remains

5  obligated to pay the entire fee in "increments" or "installments." Bruce v. Samuels, 136 S. Ct.

6  627, 629 (2016); Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015). Such obligation

7  remains, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) &

8  (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

9      Because payment of the court's filing fee is required, the court does not have authority to

10  waive or refund the filing fee in this case. Thus, plaintiff's request (ECF No. 52) is denied.

11      Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 52) is denied.

12      Further, IT IS RECOMMENDED that:

13      1. This action be dismissed without prejudice; and

14      2. The Clerk of the Court be directed to terminate all pending motions and close this case.

15      These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties. Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

20  objections shall be filed and served within fourteen days after service of the objections. The

21  parties are advised that failure to file objections within the specified time may waive the right to

22  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  Dated: November 15, 2019

24

25  _____
   KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

26  /ande1216.fpf

27  _____

28  Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to
   persons granted leave to proceed in forma pauperis. Id.

2